IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| SARA L. ROBERTS, et al., | ) |
| Plaintiffs, | ) ) ) |
| v. | ) Case No. 3:14-cv-02009 ) |
| | ) Judge Aleta A. Trauger |
| CORRECTIONS CORPORATION OF AMERICA, et al., | ) ) ) |
| Defendants. | ) ) |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO PARTIALLY DISMISS[1] PLAINTIFFS' SECOND AMENDED COMPLAINT**

**I.  INTRODUCTION AND RELEVANT FACTUAL BACKGROUND**

Plaintiffs Sara Roberts, Robin Thomas, Michael Lowery, Machelle Brush, Michael Shane Sullivan, Melissa Nuce, Charles Reece, Ethan Howell, James Fleming, James Polk, Anthony Bennett, Kendrick Sanders, and Marchello Harris commenced this action by filing a Complaint against Defendant Corrections Corporation of America ("CCA") on October 21, 2014, alleging violations of the Fair Labor Standards Act (FLSA), 29 U.S.C. §201, *et seq*. [Complaint (ECF No. 1).] On November 14, 2014, CCA moved to dismiss the Complaint because it failed to satisfy the pleading requirements of the Federal Rules of Civil Procedure and the United States Supreme Court's standards made clear in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). [Motion to Dismiss (ECF No. 12).] Specifically, the Complaint failed to plead sufficient facts to support an actual FLSA violation, either on behalf of the named Plaintiffs or on behalf of the putative collective class, and it failed to plead facts to

---

[1] Because Defendants' motion to dismiss seeks only partial dismissal of the Second Amended Complaint, Defendants will also file an answer to the Second Amended Complaint on or before the responsive pleading deadline of February 3, 2015.

establish coverage under the FLSA. [Defendant's Memorandum (ECF No. 13).]

In response to CCA's motion to dismiss, Plaintiffs filed a First Amended Complaint on November 26, 2014. [First Amended Complaint (ECF No. 22).][2] However, the First Amended Complaint was still deficient in two key areas: (1) it failed to plead facts that would support a finding that Defendants willfully violated the FLSA; and, (2) it failed to plead FLSA overtime claims on behalf of Plaintiffs Roberts, Thomas, Brush, Nuce, Reece, and Polk, individually, and on a collective basis on behalf of the Classification Coordinator, Safety Manager, Training Manager, Assistant Training Manage, Business Manager, Maintenance Supervisor, Accountant, Investigator, Unit Manager or Assistant Maintenance Supervisor positions. Defendants filed a motion to partially dismiss the First Amended Complaint on those grounds. [Second Motion to Dismiss (ECF No. 29).]

In response to Defendants' second motion to dismiss, Plaintiffs filed a Second Amended Complaint on January 20, 2015. [Second Amended Complaint (ECF No. 44).] The Second Amended Complaint represents Plaintiffs' **third** attempt to satisfy the pleading requirements of the Federal Rules of Civil Procedure, as interpreted by *Twombly* and *Iqbal*. While the pleading does resolve *some* of the deficiencies that existed with the initial Complaint and the First Amended Complaint,[3] the Second Amended Complaint is still fatally flawed, in part, because it still fails to adequately plead an FLSA overtime claim with regard to Plaintiffs Roberts, Thomas, Brush, Nuce, Reece, and Polk. Likewise, the Second Amended Complaint does not plead an FLSA claim on behalf of individuals employed in the positions of Accountant, Investigator and/or Unit Manager. Plaintiffs have had three opportunities to plead a viable cause of action in

---

[2] Plaintiffs added CCA of Tennessee, LLC as a Defendant in the First Amended Complaint. In this memorandum, CCA and CCA of Tennessee are collectively referred to as "Defendants."

[3] For example, Plaintiffs abandoned their claims on behalf of Classification Coordinators, Business Managers, Maintenance Supervisors and Assistant Maintenance Supervisors.

2

accordance with the standards announced in *Twombly* and *Iqbal*, but they failed to do so. The Court should grant Defendants' third partial motion to dismiss, and should dismiss the foregoing Plaintiffs and positions from this action, with prejudice.

## II. ARGUMENT AND CITATION OF AUTHORITY

### A. This Court Should Adopt the Pleading Standards for FLSA Overtime Claims That Have Been Adopted by Every Federal Appellate Court to Have Addressed the Issue Post-*Twombly* and *Iqbal*.

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that a compliant contain "a short and plain statement of the claim showing that the pleader is entitled to relief." A complaint that fails to plead each of the elements of an FLSA claim is subject to dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted. In considering a motion to dismiss under Fed.R.Civ.P. 12(b)(6), a court accepts as true the factual allegations contained in a complaint. *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 163-65 (1993). However, the United States Supreme Court has explained that "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 545. Such "[f]actual allegations must be enough to raise a right of relief above the speculative level," and plaintiffs must state "enough facts to state a claim for relief that is plausible on its face." *Id.* at 555, 570.

In *Iqbal*, the Supreme Court reemphasized the *Twombly* pleading requirements and highlighted the following:

> (1) a pleading offering only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action" does not comply with Fed. R. Civ. P. 8;

> (2) Fed. R. Civ. P. 8 "demands more than an unadorned, the defendant-unlawfully-harmed me accusation . . ."; and
>
> (3) a complaint will not survive a motion to dismiss if it contains merely "naked assertions devoid of further factual enhancement."

556 U.S. at 678 (internal quotation marks and citations omitted). The Court held that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," and only a complaint that states a plausible claim for relief survives a motion to dismiss. *Id*. "A court considering a motion to dismiss may begin by identifying allegations that, because they are mere conclusions, are not entitled to the assumption of truth." *Id.* at 664.

In the wake of *Twombly* and *Iqbal*, many courts have held that "to state a plausible FLSA overtime claim, a plaintiff must sufficiently allege 40 hours of work *in any given* workweek as well as some uncompensated time in excess of 40 hours." *Lundy v. Catholic Health System of Long Island, Inc.*, 711 F.3d 106, 114 (2nd Cir. 2013) (emphasis added). Although the Sixth Circuit has not yet addressed the issue regarding the facts that a plaintiff must plead to state a plausible FLSA overtime violation in light of *Twombly* and *Iqbal*, **every** federal appellate court (including the First, Second, Third, and Ninth Circuits) that has done so has required a far greater degree of factual specificity than what Plaintiffs Roberts, Thomas, Brush, Nuce, Reece, and Polk plead in the Second Amended Complaint. *See Pruell v. Caritas Christi*, 678 F.3d 10, 13-14 (1st Cir. 2012); *Lundy*, 711 F.3d at 114; *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 243 (3d Cir. 2014); *Landers v. Quality Commc'ns, Inc.*, 771 F.3d 638, 645 (9th Cir. 2014).

*Pruell* was the first federal appellate court decision to address the pleading standards for FLSA overtime claims post-*Iqbal*. In that case, the plaintiffs alleged that they "regularly worked

4

hours over 40 in a week and were not compensated for such time, including the applicable premium pay" and that they were required to work off-the-clock and during unpaid meal periods, but they failed to provide any details about the nature of this alleged work. 678 F.3d at 13. The First Circuit held that the complaint's allegations were "little more than a paraphrase of the statute" and "[did] not provide examples (let alone estimates as to the amounts) of such unpaid time for either plaintiff or describe the nature of the work performed during those times," and, as such, failed to state a plausible FLSA claim. *Id*. at 13-14.

Following *Pruell*, the Second, Third and Ninth Circuits each held that, to state an FLSA overtime claim, at a minimum, a plaintiff must allege that she worked more than 40 hours *in a given workweek* without being compensated for the hours worked in excess of 40 *during that particular week. See Lundy*, 711 F.3d at 114; *Davis*, 765 F.3d at 243; *Landers*, 771 F.3d at 645. In *Lundy*, the plaintiffs alleged that they "typically" worked shifts totaling 37.5 and 30 hours per week, respectively, "typically" had to work during unpaid meal breaks and off the clock, and "sometimes" had to work additional shifts that resulted in working more than 40 hours in a week. 711 F.3d. at 114-15. However, they did not allege that they were denied overtime pay in a week where they actually worked those additional shifts, and, although the alleged meal break and off the clock work might "theoretically" put the plaintiffs over 40 hours "in one or another unspecified week (or weeks)," the Second Circuit held the plaintiffs failed to allege a plausible FLSA overtime violation. *Id*. The court held that "to state a plausible FLSA overtime claim, a plaintiff must sufficiently allege 40 hours of work in a given workweek as well as some uncompensated time in excess of the 40 hours." *Id*. at 114.

In *Davis*, the plaintiffs claimed that the defendants violated the FLSA's overtime provisions by not paying them proper overtime compensation for work performed during meal

5

breaks, off the clock, and at training programs. 765 F.3d at 241. They alleged they "typically" worked between 32 and 40 hours per week and "frequently" worked extra time. *Id*. at 242. The Third Circuit expressly agreed with *Lundy*'s 'given workweek' standard and held that the plaintiffs failed to state a plausible claim because "[n]one of the named plaintiffs ... alleged a single workweek in which he or she worked at least 40 hours and also worked uncompensated time in excess of 40 hours." *Id*. at 243.

The plaintiff in *Landers* alleged, in relevant part, that the defendant violated the FLSA's overtime provisions by paying him for each "piece" of work he performed but not paying him overtime compensation for work beyond 40 hours per week. 771 F.3d at 645. The Ninth Circuit expressly agreed with the First, Second and Third Circuits and held that "at a minimum, a plaintiff asserting a violation of the FLSA overtime provisions must allege that she worked more than forty hours in a given workweek without being compensated for the hours worked in excess of forty during that week." *Id*.

The FLSA pleading standard adopted by these Circuits comports with the pleading requirements established by the Supreme Court in *Twombly* and *Iqbal* because it requires plaintiffs to include some specific facts to flesh out conclusory allegations that otherwise simply paraphrase the legal elements of an FLSA overtime claim (like the allegations in the Second Amended Complaint) that a plaintiff "regularly and repeatedly worked in excess of forty (40) hours per week" without receiving overtime compensation. [Second Amended Complaint (ECF No. 44) at ¶¶ 7, 8, 10, 13, 16.] Such allegations are "devoid of any numbers to consider beyond those plucked from the statute" and, as such, are exactly the type of pleading that *Twombly* and *Iqbal* forbid. *See Dejesus v. HF Mgmt. Servs., LLC*, 726 F.3d 85, 89 (2d Cir. 2013).

The foregoing standard is not difficult to meet; it requires only that plaintiffs draw on

6
Case 3:14-cv-02009 Document 46 Filed 01/23/15 Page 6 of 15 PageID #: 623

their own personal memories and experiences, and "it is [those] employees' memory and experience that lead them to claim in federal court that they have been denied overtime in violation of the FLSA in the first place." *See Dejesus*, 726 F.3d at 90; *see also Landers*, 771 F.3d at 646 (plaintiffs "should be able to specify at least one workweek in which they worked in excess of forty hours and were not paid overtime wages"). Indeed, nine of the fifteen Plaintiffs met the standard (albeit in their third attempt). Accordingly, Defendants urge this Court to determine that this standard is *the* appropriate pleading standard for FLSA overtime claims.

B. **The Second Amended Complaint Fails to Plead an FLSA Violation on Behalf of Plaintiffs Roberts, Thomas, Brush, Nuce, Reece, and Polk**

Applying the foregoing standard to the Second Amended Complaint, it is clear that Plaintiffs Roberts, Thomas, Brush, Nuce, Reece, and Polk have failed (for the third time) to adequately plead an FLSA overtime claim. Indeed, the allegations in the Second Amended Complaint regarding these Plaintiffs only raise the possibility that these Plaintiffs were not compensated appropriately under the FLSA, but "a possibility is not the same as a plausibility," and to satisfy the pleading requirements of the Federal Rules of Civil Procedure, a plaintiff must plead sufficient facts to make his claims plausible, not just possible. *Landers*, 771 F.3d. at 646 (citing *Nakahata v. New York Presbyterian Healthcare System, Inc.*, 723 F.3d 192, 201(2nd Cir. 2013); *Iqbal*, 556 U.S. at 677 (to survive a motion to dismiss, a complaint must contain sufficient facts to state a claim that is "plausible on its face," and "[t]he plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully.")

The Second Amended Complaint alleges, with respect to Plaintiffs Roberts, Thomas, Brush, Nuce, Reece, and Polk, that:

- Plaintiff Roberts held the position of Training Manager from "approximately 2008

7

through October 27, 2011," and that Roberts "was scheduled to work forty hours per week" in that position, "was paid a salary without overtime compensation" and "regularly and repeatedly worked in excess of forty hours per week." [Second Amended Complaint (ECF No. 44) at ¶ 7.]

- Plaintiff Thomas held the position of Accountant from "approximately 2010 through her termination on or about May 15, 2014," and was "scheduled to work forty hours per week," "was paid a salary without overtime compensation" and "regularly and repeatedly worked in excess of forty hours per week." [Second Amended Complaint (ECF No. 44) at ¶ 8.]

- Plaintiff Brush held the position of Investigator from "January 2008 through approximately December 2011," "was scheduled to work forty hours per week," was paid a salary without overtime compensation" and "regularly and repeatedly worked in excess of forty (40) hours per week." [Second Amended Complaint (ECF No. 44) at ¶ 10.]

- Plaintiff Nuce held the position of Training Manager from "January 2005 through on or about July 27, 2012," "was scheduled to work forty hours per week," "was paid a salary without overtime compensation" and "regularly and repeatedly worked in excess of forty (40) hours per week." [Second Amended Complaint (ECF No. 44) at ¶ 12.]

- Plaintiff Reece held the position of Unit Manager "from October 2010 through approximately March 2014," "was scheduled to work forty (40) hours per week," was "paid a salary without overtime compensation," and "regularly and repeatedly worked in excess of forty (40) hours per week." [Second Amended Complaint (ECF No. 44) at ¶ 13.]

- Plaintiff Polk held the position of Unit Manager "from approximately 2012 through

approximately February 2014," "was scheduled to work forty hours per week," "was paid a salary without overtime compensation and regularly and repeatedly worked in excess of forty (40) hours per week." [Second Amended Complaint (ECF No. 44) at ¶ 16.]

Each of these allegations simply parrots the legal elements of an FLSA overtime claim, which are set forth in Section 207(a)(1) of the FLSA: "for a workweek longer than forty hours," an employee who is not exempt from the statute and who works "in excess of" 40 hours shall be compensated for those excess hours "at a rate not less than one and one-half times the regular rate at which [she or] he is employed." 29 U.S.C. § 207(a)(1).

Indeed, the Second Amended Complaint actually admits that Plaintiffs Roberts, Thomas, Brush, Nuce, Reece, and Polk were only "scheduled to work forty hours per week." Although each of these Plaintiffs alleges that he or she "regularly and repeatedly worked in excess of forty hours per week," the Second Amended Complaint does not provide a single example of a specific week where any of these Plaintiffs allegedly actually worked more than forty hours, nor does it provide a percentage (or even just an estimation) regarding the number of times when these Plaintiffs allegedly worked more than forty hours in any given week.

The Second Amended Complaint also fails to provide any information about the *amount* of time beyond their scheduled forty hour workweeks that these Plaintiffs spent performing work-related tasks or provide any explanation regarding the *type* of tasks that these Plaintiffs performed. That information is critical because under the FLSA, work performed before or after a scheduled shift is compensable *only if* the work is "an integral and indispensable" activity. *Franklin v. Kellogg Co.*, 619 F.3d 604 (6th Cir. 2010). The FLSA also does not require employers to compensate employees for work-related tasks if the time spent performing those tasks is de minimis. *See, e.g., Anderson v. Mt. Clemens Pottery Co.,* 328 U.S. 680 at 692 (1946)

(the *de minimis* doctrine permits employers to disregard for purposes of the FLSA otherwise compensable work time when the tasks take only a few moments of time to complete). Therefore, when a plaintiff pleads an overtime claim, he must allege facts that establish the *type of tasks* he performed as well as the *amount of time* he allegedly spent performing work-related tasks beyond forty hours. A simple allegation without additional factual context, such as Plaintiffs Roberts, Thomas, Brush, Nuce, Reece, and Polk have made here, that an employee worked "in excess of forty hours" does not state a violation of the FLSA because it does not establish that the employee actually performed work that should have been compensated.

Plaintiffs Roberts, Thomas, Brush, Nuce, Reece, and Polk allege that "Defendant has in its possession and/or should have in its possession records showing the hours worked and/or some of the hours worked by Plaintiffs." [Second Amended Complaint (ECF No. 44) at ¶ 34.] However, they do not identify what these alleged records are, and they acknowledge that Defendants classified them as exempt and only scheduled them to work forty hours per week. Presumably, then, as the courts in *Dejesus* and *Landers* recognized, the "evidence" that these Plaintiffs will rely on to support their overtime claims will, at least in part, come directly from their own recollections about their hours and the tasks that they performed. *See Dejesus*, 726 F.3d at 90; *Landers*, 771 F.3d at 646 (plaintiffs "should be able to specify at least one workweek in which they worked in excess of forty hours and were not paid overtime wages"). While their recollections may not be perfect, again, the FLSA overtime pleading standard adopted by the First, Second, Third and Ninth Circuits is not onerous; it does not require precision or exhaustive lists of dates when plaintiffs worked overtime without appropriate compensation. It simply requires that plaintiffs plead some very basic facts, based upon the information readily available to them (i.e., their own personal recollections). Plaintiffs Roberts, Thomas, Brush, Nuce, Reece,

and Polk clearly had sufficient information at their disposal to at least plead the bare basic facts to support an FLSA overtime claim, and the Court should not allow them to improperly shift the burden to Defendants to provide them with evidence to meet even the most basic, minimum pleading requirements.

In short, the Second Amended Complaint does not contain any of the critical factual underpinnings for an overtime claim under the FLSA on behalf of Plaintiffs Roberts, Thomas, Brush, Nuce, Reece, and Polk, and their claims should be dismissed.

### C. The Second Amended Complaint Fails to Plead Overtime Claims on a Collective Basis on behalf of other Accountants, Investigators, and Unit Managers

It is well-established that collective action claims must also comply with the pleading requirements of Rule 8(a). *See, e.g.*, *Jones v. Casey's General Stores*, 538 F.Supp.2d 1094, 1102 (S.D. Iowa 2008) ("where a plaintiff brings an FLSA claim 'for and on behalf of himself and other employees similarly situated,' the complaint should indicate who those other employees are, *and allege facts that would entitle them to relief*")(emphasis added); *Manning v. Boston Medical Center Corp.*, No. 09-11463, 2012 WL 1355673 at *8 (D. Mass. April 18, 2012) ("Before being permitted to proceed, a plaintiff must properly allege a factual basis showing that there are similarly situated persons entitled to relief pursuant to 29 U.S.C. § 216(b) and/or that common issues of fact that predominate are sufficient to pass muster under the traditional Fed. R. Civ. P. 12(b)(6) standard."); *Zhong v. August August Corp.*, 498 F. Supp.2d 625, 628 (S.D.N.Y. 2008) ("[W]here a plaintiff brings a [wage-and-hour] claim for and on behalf of himself and other employees similarly situated, the complaint should indicate who those other employees are, and allege facts that would entitle them to relief."). Again, this requirement exists because "[a] district court must ... insist upon some specificity in pleading before allowing a potentially massive factual controversy to proceed." *Twombly*, 550 U.S. at 558.

The Second Amended Complaint alleges that "[n]amed Plaintiffs and other similarly situated employees regularly worked in excess of forty hours (40) in one or more weeks without being compensated at the rate of one and one-half times their regular rate of pay." [Second Amended Complaint (ECF No. 44) at ¶ 33.] But, again, these are bare legal conclusions. The Second Amended Complaint fails to plead any facts to support FLSA claims on behalf of Accountants, Investigators, and Unit Managers. The only Plaintiffs who allegedly held the positions during the relevant time period were Plaintiffs Thomas, Brush, Reece and Polk, and, as noted above, the allegations regarding those Plaintiffs are insufficient to support an overtime claim. The Second Amended Complaint does not specify when or how much time other "similarly situated employees" in those positions worked in excess of forty hours. Again, those are essential facts to any FLSA overtime claim, and the absence of such facts means that the collective allegations on behalf of Accountants, Investigators, and Unit Managers cannot survive and should be dismissed.[4]

### D. The Dismissal Order Should Be with Prejudice

The Court's order dismissing the Plaintiffs and positions described herein should be with prejudice. The deficiencies in the Second Amended Complaint outlined above also existed with

---

[4] *See, e.g.*, *Manning, supra*; *Dyer v. Lara's Trucks, Inc.*, 2013 WL 609307 (N.D. Ga. Feb. 19, 2013) (dismissing FLSA collective action allegations because the phrase "similarly situated in terms of job duties, pay, and compensation" is a legal conclusion insufficient under *Twombly* and *Iqbal*); *Kemp v. Target Corp.*, 2013 WL 5289799, at *3-4 (N.D. Ala. Sept. 18, 2013) (dismissing FLSA collective action allegations because the phrase "similarly situated in terms of job duties, pay, and compensation" is a legal conclusion insufficient under *Twombly* and *Iqbal*.); *St. Croix v. Genetech, Inc.*, 2012 WL 2376668, at *3 (M.D. Fla. June 22, 2102) (dismissing FLSA collective action allegations where the plaintiff "fail[ed] to set forth any facts supporting her allegations that other Genentech employees are or were similarly situated"); *Pickering v. Lorillard Tobacco Co.*, 2011 WL 111730, at *2 (M.D. Ala. Jan. 13, 2011) (dismissing FLSA collective action allegations because the phrase "all similarly situated employees" is insufficient under *Twombly* and *Iqbal*, and noting that "all similarly situated sales representatives" would also be insufficient).

the Complaint and the Amended Complaint. Plaintiffs have had three opportunities to plead a viable claim, but they failed to do so. Indeed, Plaintiffs did not even *attempt* to overcome these deficiencies—the paragraphs in the Second Amended Complaint that Defendants cite herein are identical to paragraphs in Plaintiffs' earlier pleadings. [*Compare* Complaint (ECF No. 1), with Amended Complaint (ECF No. 22), with Second Amended Complaint (ECF No. 44).] The Court should not give Plaintiffs a fourth opportunity to correct these deficiencies.

Although leave to amend is "freely given when justice so requires," *Morse v. McWhorter*, 290 F.3d 795, 799-800 (6th Cir. 2002) (quoting Fed.R.Civ.P. 15(a)), where a plaintiff has already been put on notice of the deficiencies of his pleading and files an amended pleading that does not cure those deficiencies, it is entirely appropriate for a court to dismiss the amended pleading with prejudice and without granting the plaintiff further opportunity to amend. In *Mell v. GNC Corp.*, the court explained that dismissal with prejudice is the appropriate consequence when a plaintiff fails to cure deficiencies:

> Plaintiffs in this case have not only been given an opportunity to amend their initial complaint, GNC's motion to dismiss that complaint explicitly pointed out the defects which made it inadequate. Plaintiffs have done little or nothing to resolve those shortcomings in the Amended Complaint and the Court must conclude that they are unable to do so. The Amended Complaint is therefore dismissed with prejudice.

No. 10-945, 2010 WL 4668966 at *9 (W.D. Pa. Nov. 9, 2010); *see also Ventas, Inc. v. Health Care Prop. Investors, Inc.*, No. CIV. A. 307-CV-238-H, 2009 WL 1458215 (W.D. Ky. May 26, 2009) (barring plaintiff's motion for leave to file a second amended complaint when the first amended complaint contained the same deficiencies as the original complaint).[5]

---

[5] *Cf. Keweenaw Bay Indian Cmty. v. State*, 11 F.3d 1341, 1348 (6th Cir. 1993) (holding that lower court did not err in denying plaintiff's motion for leave to amend its complaint when the Court found no material difference between the two complaints); *see also Kottmyer v. Maas*, 436 F.3d 684, 692 (6th Cir. 2006) (affirming lower court's denial of plaintiffs' motion for leave to

There is simply no reason for this Court to allow further amendments to the Complaint. Plaintiffs had ample opportunity to adequately plead FLSA overtime claims on behalf of all of the individuals and positions they seek to include in this case, but they failed to do so. Therefore, the Court should dismiss, with prejudice, Plaintiffs Roberts, Thomas, Brush, Nuce, Reece, and Polk and the Accountant, Investigator and Unit Manager positions from this case.

### III. CONCLUSION

Plaintiffs' Second Amended Complaint fails to cure many of the deficiencies that existed in the initial Complaint and the Amended Complaint. It fails, even on the third opportunity, to plead facts that would establish an FLSA claim on behalf of Plaintiffs Roberts, Thomas, Brush, Nuce, Reece, and Polk, or on behalf of Accountants, Investigators and Unit Managers. The Court should grant Defendants' motion and dismiss all of these individuals and positions, with prejudice.

This 23rd day of January, 2015

Respectfully submitted,

*/s/Margaret T. Blackwood*
Jennifer Robinson (TN Bar No. 20380)
LITTLER MENDELSON, P.C.
333 Commerce Street, Suite 1450
Nashville, TN 37201
Telephone: 615.383.3033
Facsimile: 615.383.3323
jenrobinson@littler.com

Robert W. Pritchard, *Pro Hac Vice*
LITTLER MENDELSON, P.C.
625 Liberty Avenue, 26th Floor
Pittsburgh, PA 15222
Telephone: 412.201.7600
Facsimile: 412.774.1957
rpritchard@littler.com

---

amend their complaint when amended complaint "failed to cure any legal insufficiencies with regard to the [plaintiffs'] claim.").

Margaret T. Blackwood, *Pro Hac Vice*
LITTLER MENDELSON, P.C.
3344 Peachtree Road, NE, Suite 1500
Atlanta, GA  30326
Telephone: 404.233.0330
Facsimile:  404.233.2361
mblackwood@littler.com

Attorneys for Defendants

## CERTIFICATE OF SERVICE

I certify that on this 23rd day of January, 2015, I electronically filed the foregoing **MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO PARTIALLY DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT** with the Clerk of Court using the CM/ECF system, which will automatically send email notification of such filing to counsel of record as follows:

| | |
|---|---|
| Saul C. Belz<br>Ross E. Webster<br>GLANKLER BROWN, PLLC<br>6000 Poplar Avenue, Suite 400<br>Memphis, Tennessee  38119<br>sbelz@glankler.com<br>rwebster@glankler.com | Clinton H. Scott<br>Michael L. Russell<br>GILBERT RUSSELL McWHERTER SCOTT BOBBITT, PLC<br>101 North Highland Avenue<br>Jackson, Tennessee 38301<br>cscott@gilbertfirm.com<br>mrussell@gilbertfirm.com |

*/s/ Margaret T. Blackwood*
Margaret T. Blackwood, *Pro Hac Vice*
LITTLER MENDELSON, P.C.
3344 Peachtree Road, NE, Suite 1500
Atlanta, GA  30326
Telephone: 404.233.0330
Facsimile:  404.233.2361
mblackwood@littler.com